LATHAM & WATKINS LLP
David R. Marriott (NY Bar No. 2682565)
  *David.Marriott@lw.com*
William O. Reckler (*Pro Hac Vice*)
  *William.Reckler@lw.com*
Julia R. Miller (*Pro Hac Vice*)
  *Julia.Miller@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Marguerite Sullivan (*Pro Hac Vice*)
  *Marguerite.Sullivan@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

Kelly Fayne (Bar No. 265983)
  *Kelly.Fayne@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Yi Sun (Bar No. 325174)
  *Yi.Sun@lw.com*
12670 High Bluff Drive
San Diego, California 92130
Telephone: +1.858.523.5400

*Attorneys for Defendants Illumina, Inc.
and Illumina Cambridge, Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELEMENT BIOSCIENCES, INC., | Case No. 5:25-cv-08026-NW |
| Plaintiff, | |
| v. | **DEFENDANTS ILLUMINA, INC. AND ILLUMINA CAMBRIDGE LTD.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS** |
| ILLUMINA, INC. AND ILLUMINA CAMBRIDGE LTD., | |
| Defendants. | Date: April 8, 2026 |
| | Time: 9:00 am |
| | Courtroom: Courtroom 3, 5th Floor |
| | Before: Hon. Noël Wise |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED ............................................................... 2

III. BACKGROUND ............................................................................................................... 2

IV. LEGAL STANDARD ....................................................................................................... 3

V. ARGUMENT .................................................................................................................... 3

    A. The Motion to Dismiss May Dispose of the Entire Case ...................................... 3

    B. The Court Can Resolve the Motion to Dismiss Without Discovery ..................... 4

    C. Any Prejudice to Element is Minimal ................................................................... 4

VI. CONCLUSION ................................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Affinity Credit Union v. Apple Inc.*,
   No. 22-cv-4174, 2023 WL 12065782 (N.D. Cal. Apr. 14, 2023)..........................3, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................5

*Doe v. Apple Inc.*,
   No. 24-cv-5107, 2025 WL 1266928 (N.D. Cal. May 1, 2025)..........................2

*Edwards v. CDCR*,
   No. 15-cv-174, 2016 WL 1618219 (S.D. Cal. Apr. 22, 2016)..........................4

*Heck v. Amazon.com, Inc.*,
   No. 22-cv-3986, 2022 WL 16579372 (N.D. Cal. Nov. 1, 2022)..........................4

*In re Netflix Antitrust Litig.*,
   506 F. Supp. 2d 308 (N.D. Cal. 2007)..........................5

*Micron Tech., Inc. v. United Microelectronics Corp.*,
   No. 17-cv-6932, 2018 WL 7288018 (N.D. Cal. Mar. 16, 2018)..........................3

*Onuoha v. Facebook, Inc.*,
   2017 WL 11681325 (N.D. Cal. Apr. 7, 2017)..........................3, 4

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
   220 F.R.D. 349 (N.D. Cal. 2003)..........................4

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987)..........................3, 5

*Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*,
   No. 1:18-cv-1505, 2019 WL 9667685 (E.D. Cal. Dec. 20, 2019)..........................3, 4

### RULES

Fed. R. Civ. P. 12(b)(6)..........................3, 4

Fed. R. Civ. P. 26(c)(1)..........................2

ii

DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS FIRST AMENDED COMPLAINT, CASE NO. 5:25-cv-08026-NW

# NOTICE OF MOTION AND MOTION TO STAY DISCOVERY

PLEASE TAKE NOTICE that, on April 8, 2026 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Noël Wise of the United States District Court for the Northern District of California, at the San Jose Courthouse, Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, Defendants Illumina, Inc. and Illumina Cambridge, Ltd. ("Illumina") will and hereby do move for an order staying discovery pending resolution of Illumina's Motion to Dismiss (Dkt. 31). Counsel for Illumina and counsel for Plaintiff Element Biosciences, Inc. ("Element") met and conferred on January 26, 2026, but were unable to reach agreement as to the relief requested in this Motion. This Motion is based on this Notice; the Memorandum of Points and Authorities set forth below; the First Amended Complaint; Illumina's Motion to Dismiss and related filings, and any other matters presented at the time of the hearing.

# RELIEF SOUGHT

Illumina respectfully requests an order to stay discovery pending resolution of Illumina's fully briefed Motion to Dismiss. *See* Dkt. 31, 32, 33.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Discovery in antitrust cases is a notoriously expensive undertaking. Where an antitrust complaint rests on implausible claims, early adjudication of a motion to dismiss that complaint may prevent that undertaking outright. This case—which alleges monopolization, attempted monopolization, exclusive dealing, and tying in the markets for short-read NGS instruments, Illumina-specific consumables, and instrument services; as well as California claims for unlawful and unfair competition (Bus. & Prof. Code § 17200 et seq.) and secret allowances (Bus. & Prof. Code § 17045); and common-law claims for defamation, trade libel, and tortious interference with prospective economic relations—rests on implausible allegations that warrant dismissal. Element has already served broad discovery requests, but proceeding with full discovery prior to the Court's decision on Illumina's Motion to Dismiss will only invite waste. *See* Declaration of Marguerite Sullivan in Support of Illumina's Motion to Stay Discovery Pending Resolution of

Illumina's Motion to Dismiss ("Sullivan Decl."), Ex. 1, 2. Therefore, Illumina respectfully moves to stay discovery pending resolution of Illumina's fully briefed Motion to Dismiss. *See* Dkt. 31, 32, 33.

A brief stay is warranted because Illumina's Motion to Dismiss may dispose of this entire case and discovery will not assist the Court in resolving the Motion to Dismiss. And allowing discovery to proceed during the pendency of that Motion Dismiss would be unduly prejudicial to Illumina, in that Illumina would be required to participate in expensive and time-consuming discovery that will be unnecessary if the Motion to Dismiss is granted. During the pendency of its Motion to Dismiss, Illumina commits to the Court that it will confer with opposing counsel to negotiate an electronically stored information ("ESI") protocol, expert stipulation, and protective order to ensure a productive Joint Case Management Conference if the conference is ultimately required.

## II.     STATEMENT OF ISSUES TO BE DECIDED

Does the case-dispositive nature of Illumina's pending Motion to Dismiss (Dkt. 31), and the lack of a need for discovery to decide the Motion to Dismiss establish good cause for a stay of discovery?

## III.    BACKGROUND

Element filed its original Complaint on September 22, 2025 (Dkt. 1). Element filed its First Amended Complaint (the "Complaint") on October 31, 2025 (Dkt. 30), and Illumina filed its Motion to Dismiss on November 14, 2025 (Dkt. 31).

On January 26, 2026, the Court reset the Motion to Dismiss hearing *sua sponte*, rescheduling it from February 4, 2026, to March 3, 2026 (Dkt. 35). On the same day, the Court reset the Initial Case Management Conference originally scheduled for February 17, 2026, to April 14, 2026 (Dkt. 36). The deadline for the parties to file their Joint Case Management Statement was adjusted accordingly to March 27, 2026 (*Id.*).

On the evening of January 26, 2026, after the Court reset the above hearing dates and deadlines, Element served Illumina with its First Set of Requests for the Production of Documents. *See* Sullivan Decl., Ex. 1.

## IV. LEGAL STANDARD

"A district court 'may, for good cause, issue an order to protect a party or person from . . . undue burden or expense,' including by staying discovery." *Doe v. Apple Inc.*, No. 24-cv-5107, 2025 WL 1266928, at *10 (N.D. Cal. May 1, 2025) (Wise, J.) (quoting Fed. R. Civ. P. 26(c)(1)). This discretion extends to stays of discovery pending the resolution of dispositive motions and motions to dismiss. *See Micron Tech., Inc. v. United Microelectronics Corp.*, No. 17-cv-6932, 2018 WL 7288018, at *1 (N.D. Cal. Mar. 16, 2018). Courts use a two-factor test when evaluating discovery stays pending dispositive motions: "(1) will the motion dispose of the entire case (or at least the issue at which discovery is aimed)? and (2) can the motion be decided without further discovery?" *Onuoha v. Facebook, Inc.*, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7, 2017) (collecting cases). If both questions are answered affirmatively, the Court may issue a protective order. *See Micron Tech.*, 2018 WL 7288018, at *1.

## V. ARGUMENT

### A. The Motion to Dismiss May Dispose of the Entire Case

Illumina has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice all claims alleged in Element's Complaint (Dkt. 31, pp. 2, 12, 33). Therefore, its Motion to Dismiss is potentially dispositive as to this entire case. The United States Court of Appeals for the Ninth Circuit has explained that "[t]he purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Accordingly, "if the allegations of the complaint fail to establish the requisite elements of the cause of action, [courts] requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility. It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id.* (internal quotation omitted).

Element's entire Complaint suffers from fatal pleading deficiencies (*see generally* Dkt. 31, 33). Courts routinely find that similar motions satisfy the first factor in favor of a stay. *See, e.g., Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*, No. 1:18-cv-1505, 2019 WL 9667685, at

*3 (E.D. Cal. Dec. 20, 2019) (finding the first factor satisfied "[w]ithout determining the merits of the pending motions"); *Micron Tech.*, 2018 WL 7288018, at *2 (finding the first factor satisfied without "providing an opinion the merits of the motion to dismiss"); *Affinity Credit Union v. Apple Inc.*, No. 22-cv-4174, 2023 WL 12065782, at *2 (N.D. Cal. Apr. 14, 2023) (same).

Regardless of whether Element will ultimately obtain leave to amend, "the fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is not germane to the question before the Court on a motion to stay discovery: whether Defendants' motion is *potentially* dispositive of the entire case." *Heck v. Amazon.com, Inc.*, No. 22-cv-3986, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022) (emphasis in original) (quoting *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003)). The first factor is satisfied. *See Onuoha*, 2017 WL 11681325, at *1.

### B. The Court Can Resolve the Motion to Dismiss Without Discovery

The second factor is axiomatically satisfied by the Motion to Dismiss because "[w]hen ruling on a Rule 12(b)(6) motion, the Court considers only the pleadings not evidence." *Edwards v. CDCR*, No. 15-cv-174, 2016 WL 1618219, at *2 (S.D. Cal. Apr. 22, 2016). Courts considering discovery stays have consistently found that additional discovery would not assist in resolving pending motions to dismiss. *See, e.g., Heck*, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022) (finding "no discovery is needed for resolution of Defendants' motion to dismiss" and granting stay of discovery pending resolution of the motion to dismiss); *Affinity Credit*, 2023 WL 12065782, at *2 (same); *Stavrianoudakis*, 2019 WL 9667685, at *3 (same). Thus, the second factor is satisfied. *See Onuoha*, 2017 WL 11681325, at *1.

### C. Any Prejudice to Element is Minimal

Element will not be prejudiced by this brief stay, and courts have consistently agreed as to similarly situated plaintiffs. *See, e.g.*, *Heck*, 2022 WL 16579372, at *2 (finding that "Plaintiff would not be prejudiced by a stay of discovery pending a ruling on Defendants' motion to dismiss"); *Stavrianoudakis*, 2019 WL 9667685, at *3 (same); *Affinity Credit*, 2023 WL 12065782, at *2 (same). And during the pendency of its Motion to Dismiss, Illumina commits to

the Court that it will confer with opposing counsel to negotiate an ESI protocol, expert stipulation, and protective order to ensure a productive Joint Case Management Conference if such a conference is ultimately required.

By contrast, Illumina will be prejudiced by Element's premature discovery requests. On January 26, 2026, Element served Illumina with its First Set of Requests for the Production of Documents. *See* Sullivan Decl., Ex. 2. Element requests the production of an extremely broad range of materials, including highly confidential transactional data, customer records, competitive intelligence, and employee payroll data. *See id*. at 4–5, 11. Moreover, antitrust discovery is uniquely "broad, time-consuming and expensive," leading the United States Supreme Court to recognize that "staying discovery may be particularly appropriate in antitrust cases." *In re Netflix Antitrust Litig*., 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) *(citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–60 (2007)). To authorize such extensive discovery while a dispositive motion challenging the basis of Element's suit is pending would, to quote the Ninth Circuit, "def[y] common sense." *Rutman Wine*, 829 F.2d at 738.

## VI. CONCLUSION

For the reasons stated, Illumina respectfully moves the Court to stay discovery until the Court resolves Illumina's Motion to Dismiss, as described in the accompanying proposed order.

Dated: February 4, 2026

LATHAM & WATKINS LLP

By  /s/ David R. Marriott
David R. Marriott (NY Bar No. 2682565)
 David.Marriott@lw.com
William O. Reckler (*Pro Hac Vice*)
 William.Reckler@lw.com
Julia R. Miller (*Pro Hac Vice*)
 Julia.Miller@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Marguerite Sullivan (*Pro Hac Vice*)
 Marguerite.Sullivan@lw.com
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004

Telephone: +1.202.637.2200

Kelly Fayne (Bar No. 265983)
 *Kelly.Fayne@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Yi Sun (Bar No. 325174)
 *Yi.Sun@lw.com*
12670 High Bluff Drive
San Diego, California 92130
Telephone: +1.858.523.5400

*Attorneys for Defendants Illumina, Inc. and Illumina Cambridge, Ltd.*