# Exhibit 2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-8100

David Bilsker (Bar No. 152383)
  davidbilsker@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Plaintiff Element Biosciences, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ELEMENT BIOSCIENCES, INC., | Case No.: 5:25-cv-08026-NW |
| Plaintiff, | **PLAINTIFF ELEMENT BIOSCIENCES, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |
| vs. | |
| ILLUMINA, INC. AND ILLUMINA CAMBRIDGE LTD., | The Hon. Noël Wise |
| Defendants. | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Element Biosciences, Inc. ("Plaintiff" or "Element"), by and through its undersigned counsel, hereby requests that Defendants Illumina, Inc. and Illumina Cambridge Ltd. (collectively, "Defendants" or "Illumina"), produce for inspection and copying the documents and things set forth below to the office of Quinn Emanuel Urquhart & Sullivan, LLP, 50 California St #22, San Francisco, CA 94111, within thirty (30) days of the parties' Rule 26(f) conference, pursuant to Rule 26(d)(2).

## **DEFINITIONS**

These requests for production are subject to and incorporate the following definitions and instructions as used herein:

1.      The term "PERSON(S)" shall refer to any legal entity, including but not limited to natural persons, corporations, partnerships, firms, and/or associations, and any parent, subsidiary, division, department, or affiliate thereof.

2.      The terms "YOU," "YOUR," and "ILLUMINA" shall refer to Illumina, Inc. and Illumina Cambridge Ltd., separately and as a collective.

3.      The term "ELEMENT" shall refer to Plaintiff Element Biosciences, Inc.

4.      The term "COMMUNICATION(S)" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail.

5.      The term "DATA" shall refer to structured data, inclusive of sales records, databases, lookup tables, regularly-kept spreadsheets (in .csv, .xls, or .xlsx formats, or comparable spreadsheet formats), pivot tables, and any other set of information kept in tabular format.

6.      The term "DOCUMENT(S)" shall have the broadest meaning ascribed to them by the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings or other recordings of conversations, cassettes, or other types of voice recording or transcription; computer

tapes, databases, e-mails; text messages, chat messages, pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a separate document within the meaning of this term). The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not. The term DOCUMENT(S) shall include COMMUNICATION(S).

7.    The terms "RELATING TO," "RELATED TO," "REFERRING TO," "REFER OR RELATE TO," or "REGARDING" shall mean concerning, mentioning, reflecting, pertaining to, evidencing, identifying, incorporating, summarizing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

8.    The term "SHORT-READ NGS INSTRUMENT(S)" shall mean any next generation sequencing instrument, machine, device, system, hardware, software, component parts, or accessories designed, intended, marketed, adapted, or capable of being used for short-read DNA sequencing (*i.e.*, typically ranging around 50-300 base pairs in any given run).

9.    The term "SHORT-READ NGS CONSUMABLE(S)" shall mean any chemical reagents, flow cells, cartridges, kits, other materials, or bundled packages thereof used to prepare DNA samples for sequencing or load DNA samples into sequencers.

10.    The term "SHORT-READ NGS INSTRUMENT SERVICE(S)" shall mean any maintenance, repair, servicing, technical support, warranty, or related services provided in connection with SHORT-READ NGS INSTRUMENT(S).

11.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "Including" means "including but not limited to." "All" means all or any, and "any" means all or any. "And" and "or" shall be construed either disjunctively or conjunctively.

12.     The terms "any," "all," "each," "every," "and," "or," and "and/or" as used herein shall be construed as appropriate to bring within the scope of these requests information and DOCUMENTS which might otherwise be interpreted to be beyond their scope. Words in the masculine, feminine or neuter form shall include each of the other genders.

### **INSTRUCTIONS**

1.     YOU are required to produce all non-privileged DOCUMENTS in YOUR possession, custody, or control, including information in the possession, custody, or control of any of YOUR attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and PERSONS under YOUR control.

2.     Each DOCUMENT is to be produced along with all non-identical versions thereof in their entirety, without abbreviation or redaction.

3.     All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

4.     All DOCUMENTS that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

5.     Color copies of DOCUMENTS are to be produced where color is necessary to interpret or understand the contents.

6.     The source(s) or derivation of each DOCUMENT produced shall be specifically identified.

7.     Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

8.     YOU are under a continuous obligation to supplement YOUR responses to these requests under the circumstances specified in Federal Rule of Civil Procedure 26(e).

9.     In the event that any DOCUMENT called for by the following Requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified in accordance with the parties' agreed-upon privilege log procedures. To the extent

1  that the parties have not agreed on privilege log procedures, the DOCUMENT is to be identified by

2  stating (i) the title and description of the document, including the number of pages or Bates-number

3  range; (ii) the author(s), addressee(s) and any indicated or blind copy(s); (iii) the DOCUMENT'S

4  date, number of pages and attachments or appendices; (iv) the subject matter(s) of the DOCUMENT;

5  (v) the nature of the privilege or immunity asserted and basis for asserting that the document is

6  privileged; and (vi) any additional facts upon which YOU would base YOUR claim of privilege or

7  immunity.

8      10.    In the event that any DOCUMENT called for by these requests or subsequent

9  requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the

10  author(s), addressee(s) and any indicated or blind copy(s); (ii) the DOCUMENT'S date, number of

11  pages and attachments or appendices; (iii) the DOCUMENT'S subject matter; (iv) the date of

12  destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v)

13  the PERSONS who were authorized to carry out such destruction or discard; and (vi) whether any

14  copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

15  **REQUESTS FOR PRODUCTION**

16  **REQUEST FOR PRODUCTION NO. 1:**

17      All DOCUMENTS and COMMUNICATIONS that refer or relate to ELEMENT.

18  **REQUEST FOR PRODUCTION NO. 2:**

19      All DOCUMENTS that contain, refer, or relate to COMMUNICATIONS between YOU and

20  any third party about ELEMENT.

21  **REQUEST FOR PRODUCTION NO. 3:**

22      DOCUMENTS, including organizational charts, sufficient to identify, on an annual basis,

23  the name, title, reporting chain, and organizational structure of all YOUR employees with any

24  responsibilities relating to SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS

25  CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 4:**

2    DOCUMENTS sufficient to identify, on an annual basis, all customers who purchased

3  SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-

4  READ NGS INSTRUMENT SERVICES from YOU.

5  **REQUEST FOR PRODUCTION NO. 5:**

6    All win-loss analyses, competitive intelligence reports, sales opportunity assessments, and

7  related DOCUMENTS concerning competition between YOU and YOUR competitors for sales of

8  SHORT-READ NGS INSTRUMENTS, including DOCUMENTS sufficient to identify, for each

9  sales opportunity involving competitors: (i) the customer name; (ii) the date; (iii) the competitor(s)

10 involved; (iv) whether YOU or a competitor won the opportunity; (v) the stated reasons for the

11 outcome; (vi) YOUR pricing; and (vii) any actions YOU took to attempt to win the sales

12 opportunity.

13 **REQUEST FOR PRODUCTION NO. 6:**

14   All DOCUMENTS analyzing, comparing, tracking, or otherwise relating to YOUR pricing

15 of SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-

16 READ NGS INSTRUMENT SERVICES, including any pricing guidelines, pricing policies, pricing

17 methods, pricing procedures, pricing practices, pricing formulas, pricing factors, pricing

18 benchmarks, pricing indexes, pricing floors, or pricing limits.

19 **REQUEST FOR PRODUCTION NO. 7:**

20   All DOCUMENTS and COMMUNICATIONS referring or relating to discounts, rebates,

21 price reductions, or promotional pricing offered on SHORT-READ NGS INSTRUMENTS,

22 SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES.

23 **REQUEST FOR PRODUCTION NO. 8:**

24   All DOCUMENTS relating to YOUR business or strategic plans, reports, papers, analyses,

25 and presentations relating to SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS

26 CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES, including sales, revenue,

27 cost, or profit projections.

28

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS reflecting the costs YOU incur on an annual basis in the manufacture, sale, marketing, and/or provision of SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, and SHORT-READ NGS INSTRUMENT SERVICES.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, including profit and loss reports, relating to YOUR actual and projected profits and losses, revenues, costs, units sold, and number of customers from YOUR sale of SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, and SHORT-READ NGS INSTRUMENT SERVICES, including the cost allocations and the cost apportioning rules and accounting practices YOU used to calculate YOUR profits, profit margins, or projected profits on YOUR sale of SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, and SHORT-READ NGS INSTRUMENT SERVICES.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting economic, competitive, or market analyses, market projections or market projection models, projected market penetration or market share studies, market surveys, customer surveys, industry reports, whether prepared by YOU or third parties, relating to SHORT-READ NGS INSTRUMENTS.

**REQUEST FOR PRODUCTION NO. 12:**

YOUR annual, quarterly, and any other regular audited or unaudited financial statements from 2015 to present, including but not limited to balance sheets, income statements, and expense statements.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS conditioning the sale or pricing of ILLUMINA SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES on exclusive purchasing commitments, requirements, requests, or suggestions that customers refrain or limit purchases of non-ILLUMINA products or services, or the trade-in of non-ILLUMINA products.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS comparing prices, quality, or other characteristics of ILLUMINA SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES to non-ILLUMINA SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that refer or relate to products YOU view as competitive with ILLUMINA SHORT-READ NGS INSTRUMENTS, including but not limited to DOCUMENTS and COMMUNICATIONS concerning first-generation and/or Sanger sequencing instruments and long-read NGS instruments.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that refer or relate to products YOU view as competitive with ILLUMINA SHORT-READ NGS CONSUMABLES, including but not limited to evaluations of whether non-ILLUMINA SHORT-READ NGS CONSUMABLES are interchangeable with ILLUMINA SHORT-READ NGS CONSUMABLES and whether non-ILLUMINA SHORT-READ NGS CONSUMABLES are usable with ILLUMINA SHORT-READ NGS INSTRUMENTS.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that refer or relate to products or services YOU view as competitive with SHORT-READ NGS INSTRUMENT SERVICES, including but not limited to evaluations of whether non-ILLUMINA SHORT-READ NGS INSTRUMENT SERVICES are interchangeable with ILLUMINA SHORT-READ NGS INSTRUMENT SERVICES, contractual restrictions regarding who may offer SHORT-READ NGS INSTRUMENT SERVICES for ILLUMINA SHORT-READ NGS INSTRUMENTS, and the availability of parts to repair ILLUMINA SHORT-READ NGS INSTRUMENTS.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that refer or relate to lifecycle pricing of YOUR products, including but not limited to pricing models that account for the full lifecycle of SHORT-READ NGS INSTRUMENTS and ongoing costs for SHORT-READ NGS CONSUMABLES or SHORT-READ NGS INSTRUMENT SERVICES, multi-product pricing approaches, or other lifecycle pricing strategies.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that refer or relate to network effects over customers or customer lock-in, including but not limited to evaluations of switching costs, switching barriers, consumer lock-in analyses or strategies, and consumer surveys relating to SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS analyzing, categorizing, segmenting, comparing, or otherwise relating to the different types, categories, or segments of customers or potential customers who may purchase or use SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES, including but not limited to customer segmentation analyses, analyses comparing larger research organizations with smaller research organizations, analyses comparing centralized or "core" labs with decentralized labs, and sales strategies and analyses targeting specific customer segments.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS relating to YOUR business, sales, marketing, or pricing strategies with respect to the sale of SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES to large research organizations.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS relating to YOUR business, sales, marketing, or pricing strategies with respect to the sale of SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS

CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES to small research organizations.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS relating to YOUR business, sales, marketing, or pricing strategies with respect to the sale and marketing of SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES to organizations with centralized or "core" labs.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS, relating to YOUR actual and projected profits and losses, revenues, costs, units sold, and number of customers from YOUR sale of SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, and SHORT-READ NGS INSTRUMENT SERVICES attributable to large research organizations.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS, relating to YOUR actual and projected profits and losses, revenues, costs, units sold, and number of customers from YOUR sale of SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, and SHORT-READ NGS INSTRUMENT SERVICES attributable to small research organizations.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS, relating to YOUR actual and projected profits and losses, revenues, costs, units sold, and number of customers from YOUR sale of SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, and SHORT-READ NGS INSTRUMENT SERVICES attributable to organizations with centralized or "core" labs.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that refer or relate to any of YOUR antitrust guidelines, policies, or procedures.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that refer or relate to any of YOUR sales guidelines, training materials, scripts, playbooks, or procedures, including any guidelines or procedures relating to YOUR interactions with YOUR competitors in the sale of SHORT-READ NGS INSTRUMENTS.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that refer to, relate to, or are contracts for sale of ILLUMINA SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES to YOUR customers, including COMMUNICATIONS reflecting the negotiation of those contracts.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that refer to, relate to, or are amendments to contracts for sale of ILLUMINA SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES to YOUR customers, including COMMUNICATIONS reflecting the negotiation of those amendments, price increases (or decreases) in those amendments, and any additional provisions in those amendments.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS that refer or relate to trade-ins or trade-in offers for non-ILLUMINA SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS reflecting board of director meeting minutes, board of director presentations, board of director handouts, and board of director notes, whether handwritten or otherwise.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS that refer or relate to YOUR consideration of acquiring any companies selling SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS INSTRUMENT SERVICES.

1  **REQUEST FOR PRODUCTION NO. 34:**

2      All DOCUMENTS and DATA reflecting YOUR fixed and variable costs associated with

3  SHORT-READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-

4  READ NGS INSTRUMENT SERVICES.

5  **REQUEST FOR PRODUCTION NO. 35:**

6      All DOCUMENTS and DATA reflecting YOUR expenses, including overhead, bonuses,

7  salaries, allocations, and sells, general and administrative costs (SG&A), associated with SHORT-

8  READ NGS INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS

9  INSTRUMENT SERVICES.

10  **REQUEST FOR PRODUCTION NO. 36:**

11      All DOCUMENTS and DATA reflecting YOUR offers, sales, and transaction prices,

12  including any discounts, rebates, returns, or remittances, associated with SHORT-READ NGS

13  INSTRUMENTS, SHORT-READ NGS CONSUMABLES, or SHORT-READ NGS

14  INSTRUMENT SERVICES.

15

16  DATED: January 26, 2026              QUINN EMANUEL URQUHART &
17                                       SULLIVAN, LLP

18

19                                       By _/s/ Adam Wolfson_____
20                                          Adam Wolfson
                                            *Attorney for Plaintiff Element Biosciences, Inc.*

21

22

23

24

25

26

27

28

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

1

### CERTIFICATE OF SERVICE

2          I, Lynette Lim, hereby certify that on January 26, 2026, I served a copy of the foregoing

3   document by transmitting it via e-mail to counsel for other parties.

4                                                    */s/  Lynette Lim*
                                                     Lynette Lim
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28