UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEMENT BIOSCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ILLUMINA, INC., et al., <br><br> Defendants. | Case No. 25-cv-08026-NW <br><br> **ORDER DENYING MOTION TO STAY DISCOVERY** <br><br> Re: ECF No. 41 |

Pending before the Court is Defendants Illumina, Inc. and Illumina Cambridge, Ltd.'s Motion to Stay Discovery, briefing for which is complete.  ECF Nos. 41, 43, 45.

District courts have substantial discretion to control discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion.").  The Federal Rules of Civil Procedure do not mandate a stay of discovery in every case in which a defendant files a motion to dismiss.  *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.").  Instead, the party seeking a stay carries the "heavy burden" to make an adequate showing for why the court should stay discovery. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Defendants argue that their motion to dismiss "may dispose of this entire case" and that "allowing discovery to proceed during the pendency of that Motion Dismiss would be unduly prejudicial to Illumina, in that Illumina would be required to participate in expensive and time-consuming discovery that will be unnecessary if the Motion to Dismiss is granted."  Mot. at 2.

United States District Court
Northern District of California

The Court does not find this argument persuasive as the moving party's sentiment regarding the merits of their initial motion to dismiss — and the accompanying hope that it will result in a full dismissal of a case with prejudice — is one that is presumably shared by every party that files such a motion.  Despite the significant increase in motions to dismiss, the vast majority of those motions do not entirely dispose of cases; meaning, efficient discovery is still nearly always necessary.  *See* Fed. R. Civ. Pro. 1 (stating that the rules of procedure govern all civil actions and should be "construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and every proceeding.").

The Court has considered Defendants' arguments and finds Defendants have not met their burden of showing why discovery should be stayed.  Further, insofar as Defendants asked the Court to take an early look at the arguments in their motion to dismiss in considering their stay request, to the extent the Court has done so, it finds no additional support to warrant a discovery stay.  Accordingly, the Court declines to exercise its "broad discretion and authority" to stay discovery, and DENIES Defendants' motion.  *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-MD-03047-YGR (PHK), 2025 WL 1983422, at *1 (N.D. Cal. July 17, 2025).

**IT IS SO ORDERED.**

Dated: February 27, 2026

Noël Wise
United States District Judge